IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-173-BO

| | | |
|---|---|---|
| AMBER LIN YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 21]. A hearing was held on these matters before the undersigned on February 4, 2020 at Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion [DE 21] is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits and supplemental security income payments. Plaintiff filed her application in January 2014. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ) in October 2017. The ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g) this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported

by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then the claimant is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Plaintiff argues the ALJ erred in making her RFC determination by failing to consider the clinical record, resulting in an inadequate assessment of the opinion evidence and of plaintiff's upper extremity and neck limitations.

Plaintiff's argument fails. The ALJ fully explained why she found plaintiff capable of light work, and the record evidence does not support any additional limitations for the upper extremity or neck. The ALJ's opinion started with a detailed analysis of plaintiff's treatment history. Tr. 26. The ALJ explained how plaintiff was able to complete treatment exercises without increased pain and that, generally, plaintiff's treatment regimen was conservative. *Id.* 26–27. After discussing treatment history, the ALJ's opinion moved on to a discussion of plaintiff's x-rays and MRIs. *Id.* at 27. After going through the medical imaging evidence in detail, the ALJ explained that it did not support a finding of disabling physical limitations. The ALJ then moved to a discussion of observations of treating and examining physicians that suggested plaintiff could perform light work. *Id.* at 28. Finally, the ALJ concluded by going through each medical opinion in the record and explaining why she weighed the opinion as she did. Tr. 28–29. Throughout, the ALJ's explanations were sufficient to permit meaningful review. *See Radford v. Colvin*, 734 F.3d 288,

3

296 (4th Cir. 2013). In short, the ALJ went through all the evidence in the record and provided a sufficient explanation as to how it factored into her findings. This Court does not sit to reweigh the evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 21] is GRANTED. The decision of the Commissioner is AFFIRMED.


SO ORDERED, this ___17___ day of February, 2020.


_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE